*W. H. Miller, for appellants.    Jno. Rodman, for appellee.*

---

### CITY OF NEWPORT *v*. HENRY C. TIMBERLAKE.

**Cities—Improvement of Streets.**
 In order to enforce street assessments on property-holders for the improvement or repair of public ways it must be pleaded and proven not only that the city had the power to make such assessments but that in making them it has substantially followed the mode prescribed by the law. If the power to make the assessments depends upon the existence of certain facts, it must be averred and proven that said facts existed.

### APPEAL FROM CAMPBELL CHANCERY COURT.

September 4, 1875.

OPINION BY JUDGE LINDSAY:

The appellant's petition is fatally defective. In order to enforce municipal taxation for the improvement or repair of public ways, it must appear not only that the municipal authorities had general power to make such assessments, but it must also appear that the mode prescribed for making such impositions has been substantially followed; and if the power to make the assessment depends upon the existence of designated facts, it must be shown that those facts existed.

We do not find any authority in appellant's charter for charging propertyholders with the cost of grading streets in Newport, except what is attempted to be conferred by the 6th section of the act of 1864, which is to say the least of it, of doubtful constitutionality.

But this section, like all the other acts on this subject, only gives the city government power to charge propertyholders with the cost of any part of the improvement of streets upon petition of the owners of a majority of the front feet on the street or part of a street to be improved, or when the making of such improvement is voted for by two-thirds of the members of the city council. It was, therefore, necessary in order to charge the appellee, that it should be alleged that the improvement had been petitioned for by the owners of the greater number of front feet abutting on it, or that it was ordered by a vote of two-thirds of the members of the council.

Unless one or the other of these conditions existed, the council had no power to charge the appellee with any part of the cost. It appears in the record that the ordinance directing the improvement was voted for by two-thirds of the council; but as there is no such allegation, the proof is unavailing. The allegation that the council "in pursuance of law, provided by ordinance duly and regularly passed on the ———— day of ————, 1872, for the improvement of Harris street," is but a conclusion of law drawn by the pleader. Whether the ordinance was duly and regularly passed depends upon the question whether its passage was petitioned for, or if not, upon its having been voted for by two-thirds of the council, and this applies as well to the act of 1864 as to any other of the various acts to which we have been referred.

Nor is the necessity for alleging such facts as show that the council had authority to charge the appellee, dispensed with by Sec. 3, of the Act of 1863, which provides that in suits by the city to enforce tax liens under that act, certified copies of the delinquent bills show-

ing the taxes, penalties and costs claimed, shall be deemed prima facie evidence of the correctness of the claims asserted. It is by no means clear that this provision relates to a claim against the owner of real estate for improving adjacent streets; but however that may be, the provision in question was not intended to, and does not dispense with the necessity for showing in such suits, by appropriate allegations, that the council had power to make the assessment sought to be enforced. In cases to which that provision applies, the facts showing the authority of the council to make the assessment or levy sought to be enforced, and showing the liability of the defendant to pay it, being alleged, certified copies of the tax bills are made prima facie evidence of the correctness of the claims; but they cannot serve the double purpose of allegation and proof of pleading and evidence, but are, like any other species of evidence, available only in support of appropriate pleading.

These conclusions render it unnecessary to discuss other questions presented in the argument of counsel.

Judgment *affirmed.*

*E. W. Hawkins, W. Boden, S. Geister, for appellant.*
*F. M. Webster, for appellee.*